

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Cleveland Davis
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. O-4666
Re: What are the maximum
salaries that can legally
be paid to the County
Officers of Brazoria
County?

Your letter of December 11th, 1942 requesting
the opinion of this Department on the above stated question
reads in part as follows:

"I have been asked by the Commissioners'
Court of Brazoria County, Texas to advise them
of the maximum salaries which could be paid to
the County Officers of Brazoria County, Texas
for the years 1943-1944. As you know, these
salaries must be fixed by the Commissioners'
Court on lst January, 1943, and, therefore, I
will appreciate your prompt attention to the
matters mentioned herein in order that the
Commissioners' Court may have your opinion
before them by January lst, 1943.

"From my investigation, I am of the opinion
that the Sheriff, Assessor-Collector of Taxes,
County Judge, County Attorney, District Clerk,
County Clerk, and County Treasurer of this
County could be paid under the provisions of
Section 13, Article 3912 (e), R. C. S. 1925.

"The 1940 Federal Census showed that Brazoria
County had a population of 27, 069, and I have
been advised by the Tax Assessor-Collector that
the 1942 valuation for this County is the sum
of $66,532,848.00.

"It is my opinion that under the law
existing on August 24th, 1935 the maximum which

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

could be paid to the County Attorney, County
Tax Collector-Assessor,County Judge, County
Clerk,District Clerk, and Sheriff, was the
sum of $3,000.00 per year, and that this amount
is the minimum amount which would be used in
computing the salaries allowed to said officers
under the provisions of said Section 13."

Your letter of January 9, 1942 supplementing the
above quoted letter is as follows:

"I appreciate very much your Department's
replying to my letter of 11th December, 1942 in
reference to salaries which may be paid the
several County Officials of Brazoria County,
Texas.

"Further in reference to this matter, Sec. 13
of Art. 3902(e), appearing on page 120 of the
1942 Cumulative Annual Pocket Part, provides that
in counties having a population of 20,000 and
less than 37500, according to the last preceding
Federal Census, and having an assessed valuation
in excess of $15,000,000.00, according to the
last approved preceding tax roll of such county,
the maximum amount allowed such officers as
salaries may be increased 1% for each $1,000,000.00
valuation, or fractional part thereof, in excess
of said $15,000,000.00 valuation, over and above
the maximum amount allowed such officers under
laws existing on 24th August, 1935.

"It seems that this Act became effective 12th
May, 1939, and that the Act specifically repeals
all laws in conflict therewith.

"Heretofore Brazoria County has been paying
its officers under the provisions of the last
paragraph under Sec. 13 of said Art. 3902(e),
appearing on page 122 of the 1942 Cumulative
Annual Pocket Part, which provides that in all
counties having a population of not less than
20,001 and not more than 25,000, according to
the last preceding Federal Census, and which

has an assessed valuation in excess of
$25,000,000.00, according to the last pre-
ceding approved tax roll of such counties,
the maximum salaries of such officers is
fixed at $3750.00. It is my opinion that
this Act was passed during the year 1935.

"As advised in my letter of 11th December,
the 1940 Federal Census showed that Brazoria County
had a population of 27069, and the salaries
which could be paid the county officers on 24th
August, 1935 was $3,000.00 per year.

"It would seem to me that that portion of
Sec. 13 passed in 1935 fixing the salaries at
a maximum of $3750.00 is in conflict with the
amendment of Sec. 13 which was passed in 1939,
and that such Act of 1939 repeals that portion
of Sec. 15 above mentioned.

"The 1930 Federal Census, being the last
preceding Federal Census at the time of the
effective date of the Act of 1939, showed
Brazoria County to have a population of a
little in excess of 23,000 persons, and our
valuation in 1939 was around $45,000,000.00."

The population of Brazoria County, according to
the 1930 Federal Census was 23,054 inhabitants. The popu-
lation of said County according to the 1940 Census is
27,069 inhabitants.

Article 3883, Vernon's Annotated Civil Statutes,
provides in part:

"Except as otherwise provided in this Act,
the annual fees that may be retained by a precinct,
county and district officers mentioned in this
Article shall be as follows:

"1. In Counties containing twenty-five (25,000)
thousand or less inhabitants: county judge, district
or criminal district attorney, sheriff, county

clerk, county attorney, district clerk, tax-
collector, tax-assessor, or the assessor and
collector of taxes, Twenty-Four Hundred ($2400)
Dollars each; Justice of the Peace and Constable,
Twelve Hundred ($1200) Dollars each.

\* \* \* \* \*."

Article 3891, Vernon's Annotated Civil Statutes,
reads in part as follows:

"Each officer named in this chapter shall
first out of the current fees of his office, pay
or be paid the amount allowed him under the pro-
visions of Article 3883, together with the salaries
of his assistants and deputies, and authorized
expenses under Article 3899, and the amount neces-
sary to cover cost of premium on whatever surety
bond may be required by law. If the current fees
of such office collected in any year be more than
the amount needed to pay the amounts above specified,
same shall be deemed excess fees, and shall be dis-
posed of in the manner hereinafter provided.

"In counties containing Twenty-Five (25,000)
Thousand or less inhabitants, district and county
officers named herein shall retain one-third of
such excess fees until such one-third, together
with the amount specified in Article 3883, amounts
to three thousand dollars ($3000.00). Precinct
officer shall retain one-third until such one-
third, together with the amount specified in
Article 3883, amounts to fourteen hundred dollars
($1400.00).

"\* \* \*."

Section 13 of Article 3912(e), Vernon's Annotated
Civil Statutes, provides in part:

"Section 13. The Commissioners' Court in
counties having a population of twenty thousand
(20,000) inhabitants or more, and less than
one hundred and ninety thousand (190,000) in-
habitants according to the last preceding Federal

Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, towit: Sheriff, Assessor and Collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary of twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum are allowed such officer under laws existing on August 24, 1935; provided that in counties having a population of twenty thousand (20,000) and less than thrity-seven thousand five hundred (37,500) according to the last preceding Federal Census, and having an assessed valuation in excess of fifteen million dollars ($15,000,000) according to the last approved preceding tax roll of such county the maximum amount allowed such officers as salary may be increased one (1) percent for each one million ($1,000,000.00) dollars valuation or fractional part thereof, in excess of said fifteen million ($15,000,000.00) dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935; * * *."

Section 15 of Article 3912e, Vernon's Annotated Civil Statutes, provides in part:

" * * * and provided further that in all counties having a population of not less than twenty thousand ane one (20,001) and not more than twenty five thousand (25,000), according to the last preceding Federal Census, and which has an assessed valuation in excess of twenty five million ($25,000,000.00) dollars according to the last preceding approved tax roll of such counties, the county judge, sheriff, county attorney, assessor and collector of taxes, county clerk and district clerk, the maximum salaries hereby fixed at three thousand seven

Honorable Cleveland Davis, Page 6

hundred and fifty ($3, 750.00) dollars."

As Brazoria County has a population in excess of twenty-five thousand inhabitants according to the 1940 Federal Census, the foregoing provision of Section 15 of Article 3912(e), supra, is no longer applicable to said county.

The salaries of the county officials of Brazoria County must be determined and fixed in accordance with the provisions of Article 3883, 3891, and Section 13, Article 3912(e), supra. (See the case of Nacogdoches County v. Winder, 140 S.W. (2d) 972).

This Department has heretofore rendered several opinions answering questions almost indentical to the question presented in your inquiry. Two of these opinions are Opinions Nos. 0-2560 and 0-2748. Copies of these opinions are enclosed herewith.

As the population of Brazoria County was twenty-three thousand fifty four inhabitants according to the 1930 Federal Census, the maximum salaries of said county officials for the year 1935 could not exceed the amount of three thousand ($3000) dollars each.

In view of the foregoing you are respectfully advised that it is the opinion of this Department that the maximum salaries of the county officials of Brazoria County, named in Article 3912(e), Section 13, supra, for the year 1943, cannot exceed the sum of three thousand ($3000) dollars plus one per-dent thereof for each million dollar valuation or fractional part thereof in excess of fifteen million ($15,000,000) dollars.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED JAN 15, 1943
Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By /s/

Ardell Williams
Assistant

AW:mw

APPROVED OPINION COMMITTEE
BY BWB CHAIRMAN

AW:mw